NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN PHILIP MEYER Esquire, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY; BILLINGS CLINIC; REGIONAL CARE HOSPITAL PARTNERS HOLDINGS, INC., doing business as RCCH Healthcare, <br><br> Defendants - Appellees, <br><br> and <br><br> BILLINGS CLINIC REGIONAL CARE, <br><br> Defendant. | No. 25-3070 <br><br> D.C. No. 9:21-cv-00148-DLC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted April 23, 2026
Seattle, Washington

Before: MURGUIA, Chief Judge, W. FLETCHER, and KOH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John Philip Meyer appeals from the district court's order dismissing his putative class action complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In December 2015, Meyer suffered a life-threatening ski accident at the Big Sky Resort in Montana. He received treatment at Billings Clinic and Community Medical Center in Missoula. After he was discharged, Meyer received thousands of dollars in medical bills charging out-of-network rates.

On July 12, 2017, Meyer filed a complaint in district court against his insurance provider, UnitedHealthcare Insurance Company ("United"), alleging that United failed to comply with ERISA, 29 U.S.C. § 1132(c)(1)(B). In response to the complaint, United erroneously informed Meyer that he had a non-ERISA plan and threatened to request attorney's fees if he did not dismiss his suit. In response, Meyer dismissed his ERISA suit and filed a new complaint in district court under Montana's Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-102, 242. United finally corrected its error on May 2, 2019, when it filed a motion to dismiss Meyer's Unfair Trade Practices Act suit on the ground that his insurance plan was, in fact, an ERISA plan.[1] The district court granted United's motion to dismiss,

---

[1] United's conduct was troubling. After Meyer submitted a form to request copies of his plan information on March 31, 2017, United failed to provide Meyer's plan

finding that Meyer's state law claims were preempted by ERISA. Our court affirmed. *Meyer v. United Healthcare, Ins. Co.*, 840 F. App'x 174, 176 (9th Cir. 2021).

On December 10, 2021, Meyer filed a putative class action complaint in district court alleging that United had breached its fiduciary duty to him and had failed to provide benefits owed pursuant to ERISA, 29 U.S.C. § 1132(a)(1)-(3). In his second amended complaint, Meyer claimed that United violated ERISA by (1) failing to maintain correct billing records, (2) failing to pay service providers for all in-network services, (3) allowing him to be charged out-of-network rates for services provided at in-network facilities, and (4) resetting his deductible on January 1st, rather than twelve months after starting coverage. The gravamen of Meyer's complaint is that United violated the No Surprises Act, codified, inter alia, at 42 U.S.C. §§ 300gg-111, 112, and 131-139. United moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The district court granted United's motion, dismissing the case with prejudice for failure to state a claim, and for exceeding ERISA's three-year statute of limitations for a breach of fiduciary duty claim.[2] *See* 29 U.S.C. § 1113(2).

___

information for months and then seemingly relied on Meyer's lack of knowledge regarding his plan to threaten Meyer into dismissing his lawsuit.

[2] Meyer did not seek class certification prior to the district court's dismissal.

25-3070

"We review de novo a district court's dismissal under Rule 12(b)(6) . . . ." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Khatibi v. Hawkins*, 145 F.4th 1139, 1144 (9th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Dismissal is appropriate if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To establish a breach of fiduciary duty under ERISA, a plaintiff must demonstrate that "(1) the defendant was a fiduciary; (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021) (citations omitted). Under ERISA, a fiduciary must "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. § 1104(a)(1)(B).

The district court correctly found that Meyer failed to plead a cognizable claim for relief under ERISA. Meyer failed to allege sufficient facts to support his legal theory that United's alleged actions breached any fiduciary duty owed to

Meyer.[3]  The district court correctly found that the No Surprises Act does not apply

to Meyer's case because the challenged conduct occurred before the Act went into

effect on January 1, 2022.  Because we affirm the district court's dismissal of

Meyer's complaint for failure to state a claim, we need not reach the statute of

limitations issue.

**AFFIRMED.**

---

[3] The district court made no finding on whether a fiduciary relationship existed between Meyer and United, thus we decline to reach this issue.  *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1109 (9th Cir. 2024) ("In general, an appellate court does not decide issues that the trial court did not decide." (internal quotation marks and citation omitted)).